Filed 12/26/13  Ioane v. Treble CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL SCOTT IOANE, SR.,<br><br>   Plaintiff and Appellant,<br><br>   v.<br><br>TREBLE, LLC et al.,<br><br>   Defendants and Respondents. | F064996<br><br>(Super. Ct. No. CV269076)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer, Judge.

Michael Scott Ioane, Sr., in pro. per., for Plaintiff and Appellant.

Darling & Wilson and Joshua G. Wilson for Defendants and Respondents.

-ooOoo-

Michael Scott Ioane, Sr., sued defendants Treble, LLC (Treble) and Robert E. Bell (Bell) for breach of contract alleging that they should have paid him monies owed under a settlement agreement, rather than to the Internal Revenue Service (IRS) pursuant to a notice of levy.  Defendants filed a motion for summary judgment, contending they properly complied with the notice of levy and, therefore, were not subject to liability. The superior court granted the motion for summary judgment.  Ioane appeals from the

order granting summary judgment and from an order directing him to pay $750 in sanctions for misuse of discovery.

We conclude that Ioane did not create a triable issue of material fact by arguing defendants did not prove they actually paid money to the IRS. The declaration of the IRS officer that payments had been made was sufficient evidentiary proof and, thus, defendants were not required to present copies of the checks or other instruments used to make those payments. Also, we conclude the terms of the notice of levy, when interpreted reasonably, covered the payments owed under the settlement agreement.

Based on our review of the appellate record, we conclude that Ioane has failed to establish the existence of a triable issue of material fact or that the trial court abused its discretion when it awarded $750 in sanctions after defendants requested only $500.

We therefore affirm the judgment.

**FACTS AND PROCEDURAL HISTORY**

*Settlement Agreement*

On June 9, 2009, Treble and Bell entered into a settlement agreement and mutual release with Mariposa Holdings, Inc. (Mariposa Holdings) to resolve a business dispute. Under the terms of the agreement, Treble and Bell were to pay Mariposa Holdings a total of $427,428.70, with a lump sum payment in the amount of $350,000 to be made six months from the execution of the agreement and the remainder to be paid in monthly payments of $5,000.

On or about June 12, 2009, Treble and Bell submitted their first installment payment of $5,000 under the terms of the agreement. Bell mailed the first installment payment to Mariposa Holdings.

*Notice of IRS Levy*

Four days later, Michael Hoos, a revenue officer with the IRS, served Treble and Bell with a notice of levy on IRS Form 668-A(ICS) dated June 16, 2009 (Notice of Levy). The Notice of Levy stated it was not a bill for taxes the defendants owed, but was

2.

being used to collect money owed by the taxpayer named on the form. Under the Notice of Levy's preprinted heading for the name and address of the taxpayer, the following entry was made: "MARIPOSA HOLDINGS INC, OF NEVADA, as the nominee of V STEVEN BOOTH & LOUISE Q BOOTH … BAKERSFIELD, CA 93306-9765."[1] The Notice of Levy also stated: "The purpose of this Notice of Levy is to attach to the funds originally invested in Treble LLC by Southern Financial Services. Southern, you were advised, 'sold' its interest in Treble to Mariposa Holdings."

The Notice of Levy stated that the total amount due for the 1995, 1996 and 1997 tax years was $4,043,521. Preprinted instructions on the bottom half of the Notice of Levy stated: "This levy requires you to turn over to us this person's property and rights to property (*such as money, credits, and bank deposits*) that you have or which you are already obligated to pay this person."

After receipt of the Notice of Levy, the attorney representing Treble and Bell mailed a copy to Mariposa Holdings.

*Response of Mariposa Holdings to Notice of Levy*

On July 8, 2009, Eric Norgrove of Mariposa Holdings faxed and mailed a reply letter to the attorney representing Treble and Bell. The letter stated, among other things, that Mariposa Holdings was not a nominee of Mr. and Mrs. Booth and that Mariposa Holdings objected "to you releasing our funds to anyone other than to us; i.e. Mariposa Holdings, Inc." The letter did not mention that Mariposa Holdings had assigned its rights under the settlement agreement to Ioane or anyone else.

---

[1] The third definition of "nominee" in Black's Law Dictionary (9th ed. 2009) is: "A party who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others." (*Id.* at p. 1149.) The IRS is allowed "to collect unpaid taxes of a taxpayer by levying on property held by third parties that are nominees, alter-egos, or transferees of a taxpayer. [Citations.]" (*911 Management, LLC v. U.S.* (D.Or. 2009) 657 F.Supp.2d 1186, 1215.)

3.

The following day, the attorney representing Treble and Bell sent a letter to Norgrove. The letter stated the attorney's opinion that there was no reasonable basis not to honor the levy and referenced the liability that Treble would have under 26 United States Code section 6332(d)(1) if it did not surrender the property to the IRS. The attorney concluded by stating that Treble would make all future payments due to Mariposa Holdings to the United States Treasury until barred by governmental or judicial action.

Between Treble's receipt of the Notice of Levy and December 2011, Treble made the monthly installment payments specified in the settlement agreement to the IRS. In that time, the IRS received a total of $55,000 from Treble pursuant to the Notice of Levy.

*Complaint for Breach of Settlement Agreement*

In December 2009, Ioane filed a complaint against Treble and Bell for breach of contract. Ioane alleged that (1) the rights under the settlement agreement had been assigned to him for valuable consideration, (2) one payment had been made under the settlement agreement in June 2009, and (3) Treble and Bell refused to honor the settlement agreement and no additional payments had been received.

Treble and Bell responded to Ioane's complaint by filing a demurrer, which the trial court sustained. In an unpublished opinion, this court reversed the order of dismissal and remanded for further proceedings. (*Ioane v. Treble, LLC* (May 2, 2011, F060277) [nonpub. opn.].)

*Discovery Motion*

In January 2012, Ioane filed a motion to compel discovery responses. Defendants opposed the motion on the grounds that Ioane failed to send the discovery request to the proper address, fraudulently altered the proofs of service, and failed to meet and confer to resolve the discovery matter on an informal basis. Defendants' written opposition also stated that "sanctions in the amount of $500.00 should be awarded against [Ioane] for misusing the discovery process."

4.

About 10 days before the hearing on his motion to compel, Ioane served defendants' counsel with a notice of withdrawal of his motion to compel discovery responses. The notice of withdrawal did not mention defendants' request for $500 in sanctions.

Despite Ioane's withdrawal of the motion, counsel for defendants appeared at the February 17, 2012, hearing. Ioane did not appear. The appellate record does not contain a transcript of that hearing.

A week later, the trial court signed and filed a written order that had been prepared by counsel of defendants. The order (1) denied Ioane's request for an order compelling discovery responses and awarding sanctions and (2) directed Ioane to pay sanctions to the defendants in the amount of $750 for reasonable expenses incurred in opposing his motion to compel discovery responses.

*Motion for Summary Judgment*

Earlier in January 2012, Treble and Bell filed a motion for summary judgment which asserted that their compliance with the Notice of Levy was mandatory under 26 United States Code section 6332(a) and Ioane's exclusive remedy to dispute the validity of the levy was a wrongful levy action pursuant to 26 United States Code section 7426(a).

In March, Ioane filed papers opposing the motion for summary judgment. Ioane argued that (1) the Notice of Levy alone did not create a levy; (2) if any levy existed it expired shortly after it was issued and before Ioane filed his breach of contract lawsuit; and (3) the levy did not attach to the rights created by the settlement agreement.

In April, the trial court filed a written order granting the motion for summary judgment that concluded Treble and Bell did not breach the settlement agreement because the Notice of Levy required them to make all payments due and owing under the agreement to the IRS.

In May 2012, Ioane filed a notice of appeal of the trial court's summary judgment order and its order requiring him to pay $750 in sanctions.

5.

**DISCUSSION**

I.   STANDARD OF REVIEW FOR MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code of Civ. Proc., § 437c, subd. (c).)[2]

Appellate courts independently review an order granting summary judgment, viewing the evidence in the light most favorable to the nonmoving party. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.) In performing this independent review, appellate courts apply the same three-step analysis as the trial court. (*Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1607 (*Brantley*).) First, the court identifies the issues framed by the pleadings. Next, the court determines whether the moving party has established facts justifying judgment in its favor. Finally, if the moving party has carried its initial burden, we decide whether the opposing party has demonstrated the existence of a triable, material fact issue. (*Id*. at p. 1602; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013), ¶ 8:166, p. 8-134.7 [three-step analysis].)

Appellate courts determine whether a triable issue of material fact exists by considering all the evidence set forth by the parties, except that to which objections have been made and properly sustained. (§ 437c, subd. (c); *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.)

---

[2]   All further statutory references are to the Code of Civil Procedure unless noted otherwise.

6.

II.     ANALYSIS OF MOTION FOR SUMMARY JUDGMENT

        A.      Proof of Surrender or Payment

Ioane contends that factual issues remain in dispute because defendants' assertion that they paid the IRS monies owed under the settlement agreement is unsupported by proof as no check or other instrument of payment was submitted to the trial court.

We reject Ioane's argument because proof of payment does not necessarily require presentation of the documents used to transfer the funds to the IRS. Proof of payment could be established by the testimony of a person with knowledge that the payments had been made. (See Evid. Code, § 702 [testimony based on personal knowledge of the witness].) Here, defendants submitted the December 16, 2011, declaration of Hoos, the revenue officer handling the levy, which stated that, as of the preparation of the declaration, a total of $55,000 had been received by the IRS from Treble pursuant to the Notice of Levy. The declaration also stated that Hoos could testify to that fact based on his own personal knowledge. Thus, defendants carried their initial burden of production and made a prima facie showing of the nonexistence of a triable issue of material fact regarding the surrender or payment of funds to the IRS. (See *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [party moving for summary judgment has burden of production that makes prima facie showing].)

Accordingly, there is no merit to Ioane's argument that Treble "has not submitted any proof whatsoever of surrender or payment to the IRS and fails and refuses to do so. On this alone, the [s]uperior court erred in granting [Treble's motion for] summary judgment."

Ioane also argues that, even if defendants made the requisite showing of payment, that showing would not cover any subsequent payments owed. This argument fails to identify a triable issue of fact. The breach of contract cause of action does not extend to potential future breaches of the settlement agreement. That cause of action necessarily is limited to claims that had accrued at the time the complaint was filed. (See § 312 [civil

7.

action can be commenced only after cause of action has accrued]; *Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1192 [cause of action accrues upon the occurrence of its last essential element]; see generally, *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.* (2004) 116 Cal.App.4th 1375, 1388 [separate accrual of breach of contract claims involving installment or other periodic payments].)

B. Priority of Ioane's Rights to Payment Under the Assignment

Ioane asserts that his contention that he acquired rights to the payments in question before the IRS served the Notice of Levy creates a triable issue of material fact. We reject this argument on a number of grounds.

First, Ioane failed to comply with the requirement in the summary judgment statute that the party opposing a motion for summary judgment must include a separate statement that plainly and concisely sets forth any material facts that the opposing party contends are disputed. (§ 437c, subd. (b)(3).) Here, Ioane's separate statement does not assert that he acquired rights to receive the payments made under the settlement agreement, much less identify *when* he allegedly acquired such rights.

Second, even if Ioane's separate statement had set forth the *facts* upon which he asserts priority over the IRS levy, his opposition papers that are part of the appellate record fail to include any *evidence* to support his factual assertion. The summary judgment statute plainly states that "[e]ach material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence." (§ 437c, subd. (b)(3).) Therefore, the presentation of evidence is necessary to create a triable issue of material fact. (*Brantley*, *supra*, 42 Cal.App.4th at p. 1598 [shift to plaintiff of burden of producing evidence creating a triable issue of fact]; see § 437c, subd. (p)(2).) A mere assertion, like Ioane made here, does not establish the existence of a material issue that must be decided by a trier of fact.

C.     Funds Invested in Treble by Southern Financial

Ioane's separate statement asserts that Southern Financial never actually acquired any membership in Treble, a limited liability company, and an issue of material fact exists as to whether there were any "funds originally invested in Treble, LLC by Southern Financial" to which the Notice of Levy could attach.

We conclude that this argument fails to identify a triable issue of *material* fact. The fundamental question is whether the Notice of Levy covered Mariposa Holdings' right to payments under the settlement agreement. The text of the Notice of Levy indicates that it is being used to collect money owed by the taxpayer named above—that is, Mariposa Holdings as the nominee of the Booths. The text of the Notice of Levy further indicates that it requires Treble and Bell to turn over to the IRS Mariposa Holdings' "property and rights to property (*such as money, credits, and bank deposits*) that you have *or which you are already obligated to pay this person*." (Some italics added.) We do not interpret these explicit requirements as being limited by the sentences in the Notice of Levy that state: "The purpose of this Notice of Levy is to attach the funds originally invested in Treble LLC by Southern Financial Services. Southern, you were advised, 'sold' its interest in Treble to Mariposa Holdings." The sentences do not use language that limits the other requirements set forth in the Notice of Levy. Consequently, the sentence regarding "purpose" are descriptive or informational only and do not affect the scope of responsibility of Treble and Bell to turn over funds to the IRS.

Alternatively, even if the language regarding purpose is interpreted as language of limitation, the payments under the settlement agreement that Treble and Bell entered with Mariposa Holdings would fall within that language. Section 2 of the settlement agreement acknowledges that Southern Financial made payments of $490,000 to Treble pursuant to an agreement and subsequent amendment to that agreement regarding the admission of a new interest holder to the limited liability company. Thus, it appears that the settlement agreement involves the return of the $490,000 that Southern Financial

9.

originally attempted to invest in Treble, less $62,571.30 in expenses incurred by Treble in connection with breaches of the agreement for the admission of a new interest holder.

Based on the foregoing, we conclude that the Notice of Levy did attach to the payment owed to Mariposa Holdings under the settlement agreement.

D.       Ioane's Theory of Presumptive Termination and Return of Funds

Ioane's separate statement asserts that on December 23, 2005, whatever "interest" Southern Financial may have had in Treble was "sold" to Mariposa Holdings and was presumptively terminated and could not possibly have existed in June 2009.  In addition, Ioane's separate statement asserts that, although the terms of the sale were not disclosed, "any funds Southern Financial may have submitted to Treble would presumptively have been returned to Southern Financial by Mariposa" Holdings.

Ioane's appellate briefing cites to no authority adopting the concept of a presumptive termination or a presumptive return of funds.  Thus, Ioane has not presented legal authority in support of his argument.  In view of this lack of legal authority, we will not adopt the presumptions asserted by Ioane; instead, we will apply the general rule that a party opposing a motion for summary judgment must present evidence (i.e., not rely on novel presumptions) to carry its burden of showing the existence of a triable issue of material fact.  (See *Brantley*, *supra*, 42 Cal.App.4th at p. 1598 [shift to plaintiff of burden of producing evidence creating a triable issue of fact].)

Finally, Ioane's arguments regarding Southern Financial are not "material" as that word is used in the summary judgment statute.  The basic issue is whether the Notice of Levy attached to Mariposa Holdings' contractual right to receive payments from defendants.  Ioane's arguments about the relationship between Southern Financial and Mariposa Holdings do not affect the attachment of the Notice of Levy to the contractual rights created by the settlement agreement.

E.     Legal Effect of Our Opinion Overruling the Demurrer

Ioane asserts that the trial court failed to comply with this court's earlier opinion regarding the demurrer because the trial court entertained a motion for summary judgment on essentially the same grounds rejected in the prior appeal.

This argument lacks merit and is based on a misunderstanding of the difference between the issues presented by a demurrer and the issues presented by a motion for summary judgment.  A demurrer is limited to the narrow legal issue whether the pleading sets forth sufficient allegations to state a cause of action.  (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 47 [a demurrer tests only the legal sufficiency of the pleading].)  In contrast, a motion for summary judgment addresses whether there are any issues of material fact that require a trial.  (See § 437c, subd. (c).)  Thus, a motion for summary judgment requires the court to analyze the *evidence* presented by the parties and determine whether a trial is needed.

In short, the questions presented by defendants in the motion for summary judgment are not the same issues we decided in concluding that the complaint was sufficient to withstand defendants' demurrer.

III.    DISCOVERY SANCTIONS

A.     Standard of Review and Burden of Demonstrating Error

Appellate courts review a trial court's order imposing discovery sanction for an abuse of discretion.  (*Diepenbrock v. Brown* (2012) 208 Cal.App.4th 743, 747.)  We will reverse only if the trial court's order was arbitrary, capricious or whimsical.  (*Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1223.)

It is a well-established rule of appellate procedure that the judgment or order of the lower court is presumed correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  To overcome this presumption, an appellant challenging an order must affirmatively demonstrate prejudicial error.  (*Ibid*.)  When inquiring into prejudicial error, appellate courts treat all evidentiary conflicts as having been resolved by the trial court in the

11.

manner most favorable to its ruling. (*Williams v. Russ*, *supra*, 167 Cal.App.4th at p. 1224.)

An appellant cannot carry its burden of demonstrating a prejudicial abuse of discretion without providing the appellate court with an adequate record of the lower court's proceedings. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [appellate record was inadequate to demonstrate error regarding damages awarded because plaintiff failed to include a reporter's transcript of the portion of the trial relating to the issue of damages].)

Furthermore, because an appellate court's review of the trial court's order is limited to matters in the appellate record, it is improper for the parties to discuss purported facts that are outside the appellate record. (*Oldenkott v. American Electric, Inc.* (1971) 14 Cal.App.3d 198, 207.) In other words, an appellant cannot demonstrate prejudicial error based on assertions of fact that do not appear in the record.

B.      Appellate Record Does Not Show an Abuse of Discretion

Ioane asserts that (1) he withdrew his motion to compel discovery as directed by counsel for defendants before the hearing; (2) defendants' request for sanctions sought only $500; and (3) the trial court ordered payment of $750 in sanctions.

The appellate record does not include a transcript of the hearing on Ioane's motion to compel and defendants' request for sanctions. Thus, the appellate record does not disclose the trial court's rationale for awarding $750 instead of the $500 referenced in defendants' written request for sanctions.

The trial court may have awarded the additional $250 as reasonable compensation to defendants for the attorney fees incurred by counsel in attending the hearing and preparing the written order. Furthermore, the trial court may have deemed it reasonable for defense counsel to expend the time to appear at the hearing because Ioane had not agreed to compensate defendants for the attorney fees incurred in opposing his inappropriate motion to compel discovery. The foregoing rationale is not arbitrary,

12.

capricious or whimsical and, therefore, would not have amounted to an abuse of discretion by the trial court. Because the record is silent regarding the trial court's rationale for awarding the additional $250, we will presume the trial court adopted the foregoing rationale or had an equally reasonable basis for its order. (See *Williams v. Russ*, *supra*, 167 Cal.App.4th at p. 1224 [appellate court will indulge all presumptions in favor of the trial court's order on matters as to which the record is silent].)

Therefore, Ioane has failed to carry his burden of affirmatively demonstrating that the trial court erred when it awarded sanctions in the amount of $750.

## DISPOSITION

The trial court's order awarding sanctions to defendants and its order granting summary judgment in favor of defendants are affirmed. Defendants shall recover their costs on appeal.

_____
Franson, J.

WE CONCUR:


_____
Levy, Acting P.J.


_____
Cornell, J.

13.